THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM B. DIEL, Appellant.— Appeal by defendant from an order of the County Court, Richmond County, dated May 11, 1959, denying, after a hearing, his *coram nobis* application to vacate a judgment of said court rendered December 8, 1939, convicting him, after a jury trial, of murder in the second degree, and sentencing him to serve a term of 20 years to life. Order affirmed. Although defendant was not present at the time the jury returned to the courtroom for further instructions, nevertheless, for such violation of section 427 of the Code of Criminal Procedure, *coram nobis* does not lie because: (1) the trial minutes do not show defendant's presence and, therefore, there is no issue of fact raised outside the record as to defendant's absence at the time; and (2) defendant had the remedies of appeal and motion for new trial available to him to correct the error arising from the violation of said section (*People* v. *Shapiro*, 3 N Y 2d 203). Defendant failed to sustain the burden of showing that there was evidence available to the People that he was insane at the time of the commission of the crime, or that such evidence was suppressed by the prosecutor (cf. *People* v. *Blank*, 4 A D 2d 755, cert. denied 355 U. S. 963). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST FILOCOMO, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered September 16, 1959, convicting him, after a jury trial, of attempted extortion and of coercion (Penal Law, § 850, § 530), and sentencing him, as a second felony offender, to serve a term of 7½ to 15 years on the attempted extortion conviction and suspending sentence on the coercion conviction. Judgment affirmed. No opinion. Nolan, P. J., Beldock-

Ughetta and Christ, JJ., concur; Pette, J., concurs in the affirmance of the judgment insofar as it convicts defendant and suspends sentence on the coercion count, but dissents and votes to reverse the judgment insofar as it convicts defendant and sentences him on the attempted extortion count, and votes to dismiss the indictment as to said count, with the following memorandum: On the trial of this action, no charge of assault was involved in the indictment, but the defendant stands convicted of attempted extortion on the basis of his alleged complicity with two codefendants on December 16, 1957, when defendant administered two physical beatings to the complaining witness. It was the People's theory that to this defendant there was attributable the effort of the codefendants on that date (Dec. 16, 1957) to obtain property from the complaining witness by wrongful use of fear and force. In my opinion, the proof failed to establish beyond a reasonable doubt that on such date the three defendants were acting in concert under the terms of the learned Trial Judge's charge to the jury. Under the charge, made without exception or request to amend on behalf of the People, the jury was instructed that the relation between the complaining witness and the defendant prior to December 16, 1957, was not to be considered, and that defendant's activities on such date alone were to constitute the basis for finding him guilty on the charge of attempted extortion. The complaining witness testified, somewhat equivocally, that on December 16, 1957, the codefendants Panarella and Tuzio demanded from him sums of money and a partnership interest in his juke box business, while the defendant administered the two beatings. Such witness further testified, however, that no such demand was made by the defendant, who departed from the scene before the witness' professed acquiescence in the demands of the codefendants. On the critical date (Dec. 16, 1957) the only conversation between such witness and the defendant (the latter having come upon the scene after the witness first met with the codefendants), related to the witness' acquaintance with the codefendants and his failure to sign up his business venture with some labor union — a matter discussed on a previous occasion by him and this defendant. Hence, on the testimony of the complaining witness there was no participation by this defendant in the wrongful attempts of the codefendants to obtain property from another, an essential ingredient in the crime of extortion (Penal Law, § 850). Such testimony properly established that this defendant was guilty of coercion, in the use of force in seeking to compel the complaining witness to join up with the union or to punish him for not so doing (Penal Law, § 530); but, as correctly and further charged by the learned Trial Judge, it could not amount to extortion under the circumstances of this case. Accordingly, with respect to the attempted extortion count, the jury's verdict as to this defendant is against the weight of the evidence, there being no proof that the codefendants in making their demands were acting in concert with him or that he had joined in the unlawful requests of the codefendants, or that he had prior knowledge that such demands would be made. In that connection it must be observed: (a) that the complaining witness' statement was that the codefendant Tuzio had demanded money and that the codefendant Panarella had demanded a partnership interest; and (b) that it was only by the leading questions of the Assistant District Attorney that it was made to appear that all the defendants on trial had collectively made such demands. From the complaining witness' narration, the only statements attributed to the defendant as to an interest in the juke box business, were made on one of the prior occasions which the charge to the jury had excluded from consideration. The defendant's loathsome demeanor or vile character should not be permitted to deprive him of his liberty " unless his guilt is established [beyond a reasonable doubt] within the confines of an applicable penal statute "

(*People* v. *Dioguardi,* 8 A D 2d 426, 435, revd. on other grounds 8 N Y 2d 260, motion for reargument denied 8 N Y 2d 1100; see, also, *United States* v. *Bufalino,* 285 F. 2d 408, 419).